# Sebastian v. Sebastian.

May 11, 1945.

Robert J. Denny for appellant.

J. S. Deering for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Reversing.

The appeal is by the mother from a judgment dividing the custody of a child in alternate periods of three months to each parent. When rendered in June, 1944, the little girl was about 2½ years old. The father, although 22 years of age, had been twice divorced previously. The mother of the child was about 21 years old. The divorce was granted the wife upon the grounds of cruel and inhuman treatment and drunkenness. The young husband admitted that he had contracted syphilis about two years after marriage. Except several months in Louisville and in Detroit, the parties had lived in Nicholasville. In November, 1943, the wife left her husband and took her child to Dayton, Ohio, where her mother was employed, and obtained a job in war work. She has been making about $150 a month. For a while the father operated his own truck in hauling coal, but most of the time he has been employed on wages by his father to drive a coal truck from some field in southeastern Kentucky to Nicholasville. He lives with his parents. While the mother is at work in Dayton, she leaves the child in a nursery maintained by the City Board of Education where she receives good care and training. Her residence in Dayton is said to be temporary.

The record abundantly shows the mother to be of good character and in every respect a proper and fit

person to have the custody and training of her little girl. The judgment directs that when the father shall have the custody of the child that it shall be at the home of his parents. No witness testified that the father is a fit and proper person, but it would appear that there is nothing substantial against the child's paternal grandmother that would indicate she is not a fit and proper person to have the child during the periods adjudged, except that at one time recently his mother and her daughter operated a roadhouse near Nicholasville. The father's witnesses confined themselves to saying that he would be good to the child and take care of her. The young man's instability is made evident by the brief references we have made to the evidence. He manifests no great anxiety about his child or her custody. But, he disobeyed the order of the court to deliver the child into the custody of her mother on August 1 that she might have her for three months, also to pay $7.50 a month to his former wife. In response to a rule for contempt, he justified his action by saying that the mother would take the child with her to Ohio. The court was aware of her situation when the judgment was rendered, and that was to be expected. However, the court did not punish the recalcitrant father, but merely re-entered the same judgment, beginning a new cycle of three months in the custody of the mother and back to the father. This attitude toward the judgment of the court does not place the young father in a very favorable light. At least, it does not tend to create a favorable impression of him.

Having the welfare of the child as the paramount guide, the courts have always appreciated the fact that the mother of a child of tender years should have her custody unless it be shown that she is an improper or unfit person to have that responsibility. That is a settled rule. Hoffman v. Hoffman, 190 Ky. 13, 226 S. W. 119; Napier v. Napier, 286 Ky. 452, 151 S. W. 2d 72; Sowders v. Sowders, 286 Ky. 269, 150 S. W. 2d 903. In Wacker v. Wacker, 279 Ky. 19, 129 S. W. 2d 1043, we considered a case like the present one excepting that here the mother of the child is not in the pecuniary straits that the mother of two little girls was in that case; nor, it is fair to say, does this father stand in as bad a light as there. That case was essentially a contest between the mother of the child and the paternal grandmother,

who was shown to be a very excellent woman. We held that the custody of both children should be awarded the mother with the right of the father to visit and to have temporary custody of them as the circuit court might adjudge.

There are lights and shadows in this picture as we see it which show that the place for this little girl is with her mother. We are of the opinion that the custody should have been and should be awarded to her. The father should be given the right to visit his child at reasonable times at the domicile of the mother. If the parents are unable to agree as to the conditions and terms of visitation, the chancellor will make definite provision. If conditions change, it is, of course, within the power of the circuit court to modify the judgment with respect to the custody.

Judgment reversed.