## Runge v. Runge.

June 11, 1948.

Arthur C. Hall for appellant.

Davies & Hirschfield for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Reversing.

This action involves the custody of two children, a girl 11 years of age and a boy 9 years of age. The parents of these children have been divorced, and each has remarried. Under the original divorce decree the father, appellee, was awarded custody of the children for 9 months in the year and the mother, appellant, was to have charge of them for 3 months in the year. This appeal arises from an order of the lower Court refusing to modify the original judgment on the mother's motion to be awarded the sole custody of the children.

The parties were married in 1935. In 1942 the husband joined the army and subsequently attained an officer's rank and served as a bomber pilot overseas. After the husband joined the army, his wife and the two children made their home with the husband's mother and father. The wife took a job at a war plant.

The principal reason the parties seem to have become estranged was because of the wife's acquaintance-ship with another man she met at a party given by her employer. The mother-in-law, with whom the wife lived, discovered some notes which may have been written by this third party. She employed a detective, and one night the wife was found at the home of this other person, who was a married man with a wife away in the armed services. When the husband came home on a furlough he was advised of the suspicious circumstances, and the upshot was that he beat up his wife and she left the home of her mother-in-law. Soon thereafter the husband filed the suit for divorce and the wife counterclaimed.

The original judgment does not disclose which party was granted the divorce. As before noted, custody of the children was divided between them. No appeal was taken from this judgment by either party, and it is not now before us.

At the time appellant made her motion for sole custody of the children, the situations of both parties had changed. She had married the man who was originally involved in the divorce action, and appellee had married a French woman. Appellant now resides in an upstairs apartment over a grocery store operated by her present husband. Witnesses testified that this is a modern apartment with all conveniences. It consists of a hall, living room, bedroom, kitchen and bath. This place of residence is in a good neighborhood, and her present husband realizes from his business something between $700.00 and $1,000.00 a month. Appellant testified that she now has ample means and intends to buy a new home if she can obtain complete custody of the children.

At the time the father testified, it was uncertain where he would be able to make a home for the children. They have been staying at his mother's home which is not commodious. With eight people living there it has been necessary for the daughter to sleep on a davenport with her grandmother and the son to sleep on two chairs pulled together. The father has again joined the army and expected to be stationed at Fort Scott, Illinois. When testifying he did not know of any adequate housing accommodations at the base where he might take his family. In addition to having a new wife, he also has a new baby. He expressed the intention of taking all his children with him wherever he might go, but his future plans as an army officer on active duty are naturally indefinite.

In determining the problem we have before us, the welfare of the children is of course the paramount consideration, and ordinarily the mother should have their custody. Sebastian v. Sebastian, 299 Ky. 833, 187 S. W. 2d 741. While it appears the mother's home is better suited to accommodate the children, it is the father's contention that the mother is not a fit and proper person. This claim is based on the mothers' alleged immorality while he was away in the army; that she was away from home on a great many occasions while she and the children lived with his mother; that she had not shown the proper affection for the children; and that she had not properly cared for them prior to the divorce.

We have carefully read the evidence in this proceeding and in the divorce proceeding, and do not believe it supports the charges of the father concerning the mother's unfitness to have the care and upbringing of these children. It is true that while the mother lived with her mother-in-law she perhaps did not give them as much attention as she should have. This is partly explained, however, because of the fact that she was working at the time, and was on the night "shift." Her attitude may also be partially explained in that her mother-in-law apparently wished to take full charge of the children.

The mother's interest in nightly entertainment after working hours can be criticized, but we do not think the record shows such reprehensible conduct as would make her unfit to care for her own children. While the mother-in-law was of the opinion that the children were neglected, she does not say that they were ever mistreated and no one else so testified. Several witnesses testified that the mother has, particularly since the divorce and her remarriage, taken excellent care of the children. She has kept them clean, well dressed, and has shown a natural interest in them and affection for them. In addition, her present husband is apparently fond of the children and they are of him.

In the final analysis we find that the mother now has a decent home for the children and is able to procure for them a better one. With her they live close to schools and churches, and there is nothing in the record to indicate that they will not be properly taken care of. On the other hand, it appears that the home of the father's parents is overcrowded, and we do not believe the children should be reared by the grand-parents, particularly in the father's absence. If he is able to take them with him to various army bases, their home life will doubtless be very unstable. His ability to care for them in the best manner might possibly be impaired by the fact that he has a new wife who has a new baby of her own. Without reflecting on her character at all, it is a fact that she is also a foreigner.

After considering the entire record, we are of the opinion that the interests of the children will best be served by placing them with their mother rather than

their stepmother or grandmother. While ordinarily we uphold the judgment of the Chancellor in cases of this sort, we think his decision in view of the circumstances was erroneous.

For the reasons stated, the judgment is reversed with directions to sustain appellant's motion and award her the sole custody of these children, giving the father the right of visitation at such reasonable times as may be fixed by the Chancellor.