# Bowman et al. v. Bowman.

May 31, 1949.

Roy W. House and Charles C. Smith for appellants.

William Lewis and William Weaver for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part, reversing in part.

In this action Eunice Bowman sought a divorce from her husband, Don Bowman, on the ground of cruel and inhuman treatment. She asked also for custody of their eight year old daughter, alimony for herself and maintenance for the child and a separation of property rights. In his counterclaim Mr. Bowman asked for a di-

vorce on the ground of cruel and inhuman treatment. He also sought custody of the child. The chancellor granted Mr. Bowman a divorce and awarded him custody of the child. He awarded Mrs. Bowman $600.00 and an additional $100.00 for her attorney's fee. Both parties prayed an appeal from the judgment, but only Mrs. Bowman has filed an appeal in this Court. On this appeal she is insisting that she was entitled to a divorce and alimony and should have been awarded the custody of the child and an allowance for her support. She contends also that she was entitled to one-half of a jointly owned piece of property and that the allowance for her attorney's fee is insufficient.

The Bowmans were married in 1923. They have two married daughters in addition to the young girl. Mr. Bowman owned only a small amount of personal property at the time of the marriage. Mr. Bowman's father gave him 50 acres of land in Jackson County. Thirty acres of this tract were sold for $1000.00. In 1933, Mr. Bowman purchased a 10-acre tract of land for $750.00. The deed to this tract was taken in the names of Mr. and Mrs. Bowman, although there is no evidence that Mrs. Bowman paid any part of the purchase price. The parties were making their home on this tract at the time of the separation in January, 1948. About 1935, Mr. Bowman began the operation of a small one-room country store, which he continued to operate until he became physically and mentally ill in 1946 or 1947. During Mr. Bowman's illness Mrs. Bowman took charge of the store and ran it in her own name. She changed his bank account in Manchester to one in her own name in McKee. Apparently the parties had lived together peaceably until the time of Mr. Bowman's illness. There is some proof showing that Mrs. Bowman mistreated Mr. Bowman while he was ill. But on the other hand Mrs. Bowman's testimony shows that she cared for her husband in a patient and considerate manner. Mr. Bowman said his wife squandered some of his money during his illness by buying unnecessary furnishings for their home and also gave large quantities of merchandise to her family. When Mr. Bowman recovered he again took charge of the store, changed the bank account to his own name and, apparently, refused to permit Mrs. Bowman to have anything to do with his

business. The charges that Mrs. Bowman purchased unnecessary furnishings for the home appear to be groundless. Though there was constant bickering between the Bowmans up until the time Mrs. Bowman says her husband ran her away from home in January, 1948, she continued to live with him. Mrs. Bowman said her husband was continually finding fault with her and her work and that on one occasion he struck her. When Mrs. Bowman went to Manchester to file this action G. D. Ferguson, a neighbor, went with her. Mr. Bowman attempted to show improper relations between Mrs. Bowman and Mr. Ferguson. In brief, Mr. Ferguson was seen around the store on numerous occasions during Mr. Bowman's illness and was seen there less frequently thereafter. One witness, a kinsman of Mr. Bowman, said he saw Mr. Ferguson with his arms around Mrs. Bowman on one occasion, but the evidence relating to the character and reputation of this witness would not warrant the giving of much credence to his testimony. There had been some talk about Mrs. Bowman and Mr. Ferguson in the neighborhood, but no one accused them of improper relations.

We are not impressed with the seriousness of the charges of either of the parties in support of their claim for a divorce, so we are not prepared to say that the chancellor erred in granting a divorce to Mr. Bowman. It is true that the deed to the 10-acre tract of land was taken in the name of both parties, but the evidence supports the finding that it was purchased by Mr. Bowman. It was proper, therefore, for the chancellor to restore this property to Mr. Bowman. Under the circumstances Mrs. Bowman was not entitled to alimony. The maximum figure placed upon Mr. Bowman's worth by Mrs. Bowman's testimony was $6800.00, while his testimony showed that he had an estate of some $3100.00. The chancellor allowed Mrs. Bowman the sum of $600.00. There is no cross appeal from that allowance so the award must stand. The attorney's fee is not a large one, but we have concluded that it should not be increased.

The question of the custody of the eight year old girl is a more serious one. This Court has held consistently that the custody of a child of tender years, especially a girl, should be awarded the mother unless it is

512

shown that she is a person of unfit character, or that she can not provide it with a suitable home. It is not shown that Mrs. Bowman could not provide the child with a suitable home. Even in the light of all the evidence bearing upon the relations of Mrs. Bowman and Mr. Ferguson, we think the record fails to show that Mrs. Bowman is a person of unfit character to have custody of her infant daughter. The chancellor's opinion and judgment show that he gave some weight to letters which he received from the married daughters of the Bowmans wherein they stated that, even though they had taken the side of their mother at the trial, they had learned that facts had been misrepresented to them and they were of the opinion that their father should have custody of their young sister. These letters, of course, were not incorporated into the record and are entitled to no weight in our conclusion on the child custody question.

For the reasons given all phases of the judgment are affirmed, except as to the question of the custody of the infant daughter. Mrs. Bowman should be awarded her custody, with proper provision being made for her maintenance and for visitations on the part of Mr. Bowman.