## Finnell v. Finnell

April 25, 1950.

Rehearing denied June 6, 1950.

Rodney G. Bryson, Judge.

A. M. Caddell, for appellant.

Ben F. Thompson, for appellee.

JUDGE CAMMACK—Affirming.

Earl and Quindora Finnell were married in 1944. In 1946, Earl Finnell filed an action for divorce and custody of their one year old son. In August, 1946, a judgment was entered granting Earl a divorce and awarding him the custody of the child. Subsequent pleadings were filed by the parties, and, on September 5, 1946, a judgment was entered granting both parties an absolute divorce. In that judgment Mrs. Finnell was given cus-

tody of the child and Mr. Finnell was given the right of visitation as directed by the court. He was directed to pay $5 a week for the child's support.

In December, 1948, Mr. Finnell filed a motion asking that he be given the custody of the child on the ground that it was not receiving proper care and treatment. In April, 1949, a hearing was had before Judge Bryson on the question of the child's custody. Mr. Finnell's testimony showed that the child was being cared for by Mrs. Finnell's mother. There was evidence tending to show also that the child was not properly clothed and fed, and it was being reared under conditions detrimental to its best interests. On the other hand, Mrs. Finnell's testimony showed that the child was being properly reared and cared for in a good home. Question was raised also by Mr. Finnell as to the character of Mrs. Finnell's second husband. In May, 1949, Judge Bryson overruled Mr. Finnell's motion to modify the judgment under which the custody of the child was awarded to the mother.

We have said repeatedly in actions such as this that the court must look to the best interests of the child. Bowman v. Bowman, 310 Ky. 509, 221 S. W. 2d 71. In the case before us Judge Bryson heard the evidence offered on the motion to modify the judgment which he had entered in 1946 awarding the custody of the child to Mrs. Finnell. Doubtless he knew the parties, but, in any event, we think the evidence overwhelmingly supports the conclusion that the child's custody for the time being should be left with its mother.

Judgment affirmed.