## MEREDITH v. MEREDITH.

Court of Appeals of Kentucky.

June 12, 1953.

Rehearing Denied Oct. 2, 1953.

———◆———

Coleman, Harlin & Orendorf, Bowling Green, N. F. Harper, Scottsville, for appellant.

G. D. Milliken, Jr., Bowling Green, N. G. Goad, Scottsville, for appellee.

CLAY, Commissioner.

These consolidated appeals, arising out of divorce actions, principally involve the custody of a nine year old girl. The Chancellor awarded the child to her mother, appellee. A question is also raised with respect to the allowance of an attorney's fee. Appellee's motion to dismiss the first appeal is overruled.

In 1951 appellee filed a suit for divorce against her husband, the appellant, in which she sought the custody of her two children, the daughter and an infant son. Appellant counterclaimed. A special judge entered a judgment denying a divorce to either party, and awarding custody of the daughter to appellee and the son to appellant. There was also an allowance for support of appellee and her daughter and an allowance of $1,000 to appellee's attorneys.

In 1952 appellee filed another suit for divorce to which appellant filed a counterclaim. The regular circuit judge, Honorable John B. Rodes, granted a divorce to appellee and awarded the custody of the children in the same manner as the former judgment. Other allowances were made which are not in controversy here. Appellant contends that he should have been given the custody of the daughter as well as the son on the ground that appellee is not a fit and proper person because of certain alleged misconduct.

The basis of appellant's charges against appellee consist of several isolated incidents, some of which occurred in 1947 and 1948. The most recent occurred in 1951. While these occurrences may have indicated that in some respects appellee was unwise or indiscreet, they wholly fail to establish that appellee is not a proper person to have the custody of her infant daughter. Both chancellors who have considered the case were of that opinion. Their conclusion is amply supported by the record. The best interests of all parties concerned, at least for the time being, will be served by terms of the latest judgment.

In view of the extensive services which it was necessary for appellee's counsel to render in the first action, and in view of the allowance of only $100 for attorneys' fees in the second action, we do not find the allowances on this account to be unreasonable.

The judgments are affirmed.