## MEREDITH v. SIGLER.

Court of Appeals of Kentucky.

Feb. 5, 1954.

N. F. Harper, Scottsville, Coleman, Harlin & Orendorf, Bowling Green, for appellant.

Paul R. Huddleston, Bowling Green, for appellee.

STANLEY, Commissioner.

In Meredith v. Meredith, Ky., 260 S.W.2d 394, we affirmed a judgment awarding the custody of the daughter of the parties to her mother and of their son to his father.

About four months after the entry of the judgment, in which a divorce was granted the wife, she married Robert O. Sigler. Later she moved the court to modify the order respecting the children and give her custody of both of them and the privilege of removing them to Hattiesburg, Mississippi, where she and her husband were establishing their home.

After a hearing, which included a private talk with the little girl, the court found there had been no change in the conditions except the remarriage of the mother and her removal to Mississippi. The court expressed the opinion that the two children should not lose either father or mother by long continued absences from them and that he should preserve the jurisdiction. To those ends the order was modified. It constituted the two children as wards of the Allen Circuit Court and fixed their domicile in Scottsville, subject, however, to future orders. The boy, now 5 years old, was given into the custody of his paternal grandmother and his father, with the right of visitation by his mother, and sole custody of him for as long as thirty days in each year, but that the boy should not be taken from Kentucky. The girl, now 9 years old, was permitted to remain with her mother, and she was given the right to take the child to her new home in Mississippi, subject to the obligation of returning the child to Scottsville each summer and letting her remain for a period of thirty days with her father and grandmother. However, the mother was required to execute a bond in the penal sum of $1,000 that she will preserve the jurisdiction and obey the present and all future orders of the court relating to the custody of the children. Dr. Meredith appeals the judgment.

In the argument, the appellant reviews the evidence in the original case as establishing the error of the court in modifying the order as to the custody of the children. It is said that on this hearing Judge Rodes did not have that testimony before him when he rendered the divorce and originally fixed the status of the children because the record had been filed in this court. The judge would never have rendered the judgment without a knowledge of the evidence. Having affirmed the original order, we think that on this hearing it is only the changed conditions that should be considered. The appellant does not raise any question as to the suitability of Mrs. Sigler's home in Mississippi or of the environment in which the little girl will reside. Nor is the ability of the mother to properly care for her daughter questioned. We see no reason whatever to disturb the modified order.

Judgment affirmed.