**Dorothy Mae WILKEY, Appellant,**

v.

**James Edward GLISSON, Jr., Appellee.**

Court of Appeals of Kentucky.

June 21, 1957.

Joseph S. Freeland, Paducah, for appellant.

Roy G. Garrison, R. L. Myre, Sr., Garrison, Myre & Myre, Paducah, for appellee.

WADDILL, Commissioner.

Appellee, James Edward Glisson, Jr., was granted an absolute divorce from the appellant, Dorothy Mae Wilkey, on August 5, 1955. The decree granted custody of their five year old daughter to the appellant. Subsequently, on appellee's motion and following a hearing, the Chancellor modified the decree by awarding appellee custody of the child. The appeal is from that order.

At the hearing appellant admitted that while she was separated from appellee, but before they were divorced, she accompanied her present husband to Detroit and as a result of their cohabitation she became pregnant. She further admitted that prior to her sojourn in Detroit she left her child with appellee's parents where the child has since remained. The McCracken County probation officer testified it was her opinion that appellant was not morally fit to have custody of the child. However, appellant's proof was to the effect that she was leading an upright life and had established a home where the child could be properly reared.

Ordinarily, the custody of a young child, particularly a girl, should be awarded to the mother, unless it be shown that it would be in the best interest of the child to be placed in its father's custody. Wilcox v. Wilcox, Ky., 287 S.W.2d 622; Bowman v. Bowman, 310 Ky. 509, 221 S.W. 2d 71. It is also a general rule in this jurisdiction that indiscretions by a woman with a man whom she thereafter marries do not brand her as unfit to have custody of her young children where there was

no evidence of promiscuity. Wilcox v. Wilcox, Ky., 287 S.W.2d 622; Kelien v. Kelien, Ky., 273 S.W.2d 360; Hager v. Hager, 309 Ky. 803, 219 S.W.2d 10; Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397. Nevertheless, misconduct of either parent is a circumstance which may be considered by the Chancellor in determining the custody question.

 The Chancellor has a broad discretion in cases of this character. The exercise of that discretion will not be interfered with except where it is abused. Renfro v. Renfro, Ky., 291 S.W.2d 46. Under the evidence in this case we are not convinced that the Chancellor erred in awarding the child to the father.

██ As was pointed out in Harp v. Harp, 314 Ky. 618, 236 S.W.2d 698, the court retains jurisdiction to enter any future order relating to the child's custody as may be deemed proper at that time.

Judgment affirmed.