Ann Doris SOMERVILLE, Appellant,

v.

John W. SOMERVILLE, Appellee.

Court of Appeals of Kentucky.

Oct. 25, 1957.

D. Bernard Coughlin, Maysville, Leslie W. Morris, Marion Rider, Frankfort, for appellant.

Eugene C. Royse, Maysville, for appellee.

MOREMEN, Chief Justice.

By a judgment of the Mason Circuit Court entered April 14, 1956, appellee, John W. Somerville, was granted a divorce from appellant, Ann Doris Somerville. The parties had three sons, Mike, Bill and Jim, who, at the time, were eight, four and two years old. The court placed the two older children with the father. The mother was granted custody of the youngest boy and was awarded the sum of $300 per month "for the care, maintenance and support of herself and child."

Appellant believes the court erred in failing to award custody of all the children to her and insists, in cases involving the custody of children of tender years, the courts ordinarily will not deprive the mother of them unless it clearly appears that she is an unfit person to have their custody.

This position has authority.

In Renfro v. Renfro, Ky., 291 S.W.2d 46, 48, is found perhaps the most positive statement of this rule. We said:

"The principles of law involved are well recognized. In all cases concerning children of tender years, a mother will be deprived of the custody of the child only when she is shown to be a person unfit to have such custody or is unable to provide a suitable home. Bowman v. Bowman, 310 Ky. 509, 221 S.W.2d 71; Harp v. Harp, 314 Ky. 618,

236 S.W.2d 698. The welfare of the child is the determining factor concerned. Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397. The Chancellor has a wide discretion in such cases. The exercise of that discretion will not be interfered with except where it is abused. When the evidence is conflicting, much weight is given to the Chancellor's decision, and after weighing the evidence, the judgment will be reversed only when we are convinced that he was in error. Hager v. Hager, 309 Ky. 803, 219 S.W.2d 10; Newby v. Newby, Ky., 275 S.W.2d 779."

In Bowman v. Bowman, 310 Ky. 509, 221 S.W.2d 71, 72, the rule was stated in this manner:

"This Court has held consistently that the custody of a child of tender years, especially a girl, should be awarded the mother unless it is shown that she is a person of unfit character, or that she cannot provide it with a suitable home."

In Harp v. Harp, 314 Ky. 618, 236 S.W. 2d 698, 700, we said:

"Ordinarily, the custody of a child of tender years, especially a girl, is awarded to the mother, unless it is shown she is a person of unfit character or is unable to provide a suitable home."

The foregoing rule is a complete departure from the common law theory that children were little more than chattels of the father. He was under obligation to support them and they, in turn, were under his complete domination. Even in this century, it was recognized that the father was prima facie entitled to the custody of his children. See Edwards v. Edwards, 1901, 64 S.W. 726, 23 Ky. Law Rep. 1051. But the acceptance of our new good rule (that children of tender years should be with their mother) does not override the cardinal principle which guides us in the determination of these difficult cases, that

is, the welfare of the children is the ultimate determining factor. This was pointed out in the first quotation above.

The rule has been recognized and adopted as the public policy of the state. By KRS 403.070, the court is empowered to revise any of its orders as to children at any time "having principally in view in all such cases the *interest* and *welfare* of the children." So, in cases where the rules are apparently inconsistent, we will be guided by the rule that the welfare of the child comes first even though in some cases it may result in a mother being denied the custody of a young child.

Before we begin discussion of the facts of this case, we should discuss another question which immediately comes to mind and that is the advisability of ever permitting the separation of brothers and sisters so that they might grow up as strangers to each other.

Few people will seriously argue that brothers and sisters should be separated. Usually the welfare and best interest of the children demand that they be kept together in one household, but we must also recognize that circumstances often will not permit this ideal situation and courts are required to separate them. Nelson on Divorce, Volume II, Page 194. Here, too, the decision is based upon the welfare-of-the-children principle. In several cases we have been compelled to separate children, among them being Meredith v. Meredith, Ky., 260 S.W.2d 394, and Skidmore v. Skidmore, 261 Ky. 327, 87 S.W.2d 631. In the latter case, it was pointed out that deference would be accorded the chancellor's decree when this court was in doubt as to its propriety.

The facts are these: In December, 1944, appellant, a registered nurse, married appellee, a medical student. She continued to work at her profession until her husband was graduated in 1945. Dr. Somerville interned at the General Hospital in Elizabeth, N. J., and Mrs. Somerville found employment in the same city. The following year he entered the army and was accompanied by his wife to his various stations. In June, 1948, after he was discharged from the army, Dr. Somerville took additional training at a hospital in Louisville. He then moved to Woodburn where he opened an office for practice. About six months later he returned to Louisville for additional study and Mrs. Somerville moved to the home of her parents in Frankfort. In 1950, Dr. Somerville accepted a position in the office of a Louisville physician, but a short time later he went to Maysville and opened an office. Mrs. Somerville joined him there.

In 1952, at a time when Mike was about five years old and Bill about two years old, Mrs. Somerville, at the suggestion of her husband, entered a hospital in Louisville for psychiatric treatment. Upon the advice of her physician, she entered the Menninger Foundation Clinic in Topeka, Kansas for further treatment. The children, upon agreement of the parents, were sent to the home of Dr. Somerville's parents in New Jersey. The third son, Jim, was born while Mrs. Somerville was undergoing treatment in Kansas.

In 1953, Dr. Somerville filed an action for divorce on the ground of cruel and inhuman treatment and asked custody of the three children. Mrs. Somerville counterclaimed on the same ground and also asked custody of the children. By pendente lite order, she was awarded custody of the youngest son and granted maintenance in the sum of $250 per month. The action remained dormant until 1955, when Mrs. Somerville sought custody of the children. Evidence was heard on the entire case and judgment was entered granting absolute divorce to Dr. Somerville and awarding him the custody of the two older sons. Mrs. Somerville was awarded custody of the youngest child and $300 per month maintenance.

Appellant does not seriously contend that this sum is inadequate under the conditions

for the support of herself and her youngest child, but insists that she is entitled to the custody of all three children, and their proper maintenance would require a sum of $500 to $600 per month.

The two older boys have lived in New Jersey since 1952 with their paternal grandparents and we feel confident from the facts shown that they are situated in pleasant surroundings on a prosperous farm in that community. There is no intimation in the record that these children are unhappy where they are now living.

We find the suggestion in the brief, but not in the record, that Dr. Somerville has remarried and has taken the two boys to live with him, his wife and two stepchildren, close to his father's farm where he is now practicing medicine, apparently with success.

The record shows that Mrs. Somerville has rented a home in Topeka and plans to make that town her permanent residence. She is employed at the clinic where she takes treatment and we are compelled to conclude that the children would be well taken care of at either place.

The physicians who have treated Mrs. Somerville have testified that her condition is such that even without further treatment, she is capable of properly rearing her children. One doctor testified that the only effect in this connection, from the type of illness from which she has suffered, would be to develope a tendency to be over-protective of her children which, we presume, is not an uncommon characteristic of most mothers.

We have concluded that we should not distrub the chancellor's decree. We suppose no judicial officer is without doubt and misgivings when he attempts to select the person and the surroundings which will afford children the better opportunity to develop into useful adults. But the fact that we may have some doubt or misgiving is not enough to warrant this court in disturbing the finding of a person who was closer to the actuality of the situation than is the appellate court.

It is pointed out in Skidmore v. Skidmore, 261 Ky. 327, 87 S.W.2d 631, that deference should be accorded the chancellor's decree when this court is in doubt as to its propriety. But we have no concrete doubt in this case, that is, we cannot point to any particular thing and say, "In this the chancellor erred." The doubts we have result only from the knowledge of our inability to accurately gauge future developments in anyone's life.

Perhaps the chancellor here was influenced greatly by the fact that the two older boys, for the last five years and during a critical, formative period of their lives, have lived in New Jersey with their father and their paternal grandparents. The record has every indication that they are treated well and are satisfied with their condition. If these children were now uprooted, separated from their kin that they know so well and with whom they have lived, and sent to Topeka, Kansas, to begin a new life amid strange surroundings, it seems almost inevitable that the resulting shock would be highly injurious to them. We think the chancellor reached the best solution possible for a very difficult problem.

The judgment is affirmed.