**Nolene Derossett HATFIELD, Appellant,**

v.

**Silas DEROSSETT, Appellee.**

Court of Appeals of Kentucky.

June 5, 1959.

Joe Hobson, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, for appellee.

WADDILL, Commissioner.

The appeal is from an order of the Floyd Circuit Court awarding the father, appellee herein, custody of his infant twin daughters who soon will be four years old. Appellant, who is the mother of the twins, seeks reversal on the ground that the Chancellor abused his discretion in modifying the former order which had granted her temporary custody of these children.

On April 10, 1957, appellee was granted a divorce from appellant. The judgment awarded appellant temporary custody of their two children. Shortly thereafter appellant married Frank Hatfield. When appellee discovered that appellant and her husband had moved to Ohio, he filed a motion in the Floyd Circuit Court seeking custody of the children and had notice of the motion served on appellant. As a result thereof, appellant returned to Kentucky and entered into the following agreement with appellee:

"It is agreed by and between the parties hereto that the motion of the defendant, Silas Derossett, for the custody of Sarah Elizabeth Derossett and Betty Jo Carolyn Derossett be continued for sixty (60) days from and after September 7, 1957. On September 7, 1957, the plaintiff agrees to deliver the two children mentioned hereinabove to the custody of Silas Derossett for a period of two (2) months.

"If at the end of two (2) months the parties hereto are unable to agree concerning the custody of these two (2) children, the matter shall be adjudicated by the Court."

Pursuant to their agreement appellee took the children to his home, but at the end of the two months' period the parties were unable to agree, so they submitted the controversy to the Chancellor. After conducting a hearing the Chancellor modified the previous order and awarded appellee custody of the twins.

■ Ordinarily, the custody of young children, particularly girls, should be awarded to the mother, unless it is shown that it would be in the best interest of the children to be placed in their father's custody. Renfro v. Renfro, Ky., 291 S.W. 2d 46; Wilcox v. Wilcox, Ky., 287 S.W. 2d 622; Bowman v. Bowman, 310 Ky. 509, 221 S.W.2d 71. The Chancellor has a broad discretion in such cases. Conlan v. Conlan, Ky.; 293 S.W.2d 710; Youngblood v. Youngblood, Ky., 252 S.W.2d 21. However, we are unable to apply these prin-

ciples of law intelligently to the instant case because the Chancellor made no specific findings of fact, but merely concluded that it would be to the best interest of the children to be placed in the custody of their father. In Renfro v. Renfro, Ky., 291 S.W.2d 46, we held that, in cases involving the custody of infant children, a mother will be deprived of their custody only when she is shown to be a person unfit to have their custody or is unable to provide a suitable home. Unless the Chancellor's ultimate conclusion in the instant case was based upon evidentiary facts which establish reasons sufficient in law (Renfro v. Renfro, Ky., 291 S.W.2d 46) to deprive the mother of the custody of these children, the Chancellor abused his discretion in denying her custody.

Inasmuch as the record before us is devoid of findings of the ultimate facts which are determinative of the only issue in the case, i. e., custody of the children, we are vacating the judgment and remanding the case to the circuit court for findings of fact in accordance with CR 52.01. See, Clay, Kentucky Civil Rules, CR 52.-01, Author's Comments 2 and 4.

The order appealed from is vacated and the case is remanded to the circuit court with directions: (1) To reconsider the issues concerning the custody of the children; (2) to make thereupon specific findings of facts and conclusions of law on the issues involving the custody of the infant children; and, (3) to enter a new judgment in accordance with such findings.