Fenley WARD, Appellant,

v.

Stella Lavern WARD (Now Warner), Appellee.

Court of Appeals of Kentucky.

Nov. 4, 1966.

**710**

M. L. Perkinson, LaGrange, for appellant.

John Frith Stewart, Louisville, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment refusing to change a child custody order.

On November 2, 1955, appellee, Stella Ward, obtained a divorce from appellant, Fenley Ward, and was granted custody of their infant child, Pamela. Fenley was given the privilege of visiting his daughter at certain specified times.

Approximately ten years later, in February 1965, Fenley filed a motion seeking to obtain custody of Pamela but at his own request the motion was dismissed.

On July 22, 1965, Fenley again moved for his daughter's custody, alleging in part that Stella was not a fit and proper person to have custody of the child and that it would be to her best interest to place her with him. The judge set the motion for a hearing on August 20, 1965.

On answering interrogatories served upon him Fenley stated that there had been no change in Stella's morals since the February 1965 motion. When the case was heard the trial judge refused to permit Fenley to introduce evidence as to conditions existing prior to the February motion, and thereupon overruled Fenley's motion seeking a change in the custody order. The trial judge also ordered Fenley to pay the costs, including a fee of $50 for the attorney representing Stella.

Fenley's principal complaint on this appeal is that the trial court erred in refusing to permit evidence as to any change of conditions occurring prior to the February motion. He maintains that the February motion should not have operated as a cutoff date because the motion was voluntarily dismissed and there was no hearing on the merits.

We think that there was no prejudicial error under the particular circumstances of this case. It must be borne in mind that the principal concern always is the welfare of the child. The courts should not entertain modification proceedings except upon a showing that the welfare of the child requires a change. Fenley's withdrawal of his February motion properly could be treated by the trial court as an admission that the welfare of the child had not been placed in jeopardy by anything that had occurred up to that time. Certainly it showed that Fenley did not think that action of the court at that time was necessary to protect the child's interests. Therefore, the court was justified, at the time of the July motion, in refusing to consider any claimed change of condition prior to the February motion.

Fenley contends that there was error in requiring him to pay the fee awarded Stella's attorney. This raises a question on which the law is not clearly settled. See Wilkerson v. Wilkerson, Ky., 335 S.W.2d 552. However, in view of the history of the proceedings here, the respective financial conditions of the parties, and the minimal nature of the fee allowed, we cannot say that the error, if any, was prejudicial.

The judgment is affirmed.