Naomi D. LILES, Appellant,

v.

Allen O. LILES, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1968.

However, the breach between the two widened thereafter, which resulted in the present proceeding. The father was granted the divorce.

The basic consideration in resolving the tragic problem of child custody is the welfare of the children. See Sebastian v. Sebastian, 299 Ky. 833, 187 S.W.2d 741. Where children of tender years are involved, the law generally favors the mother. Runge v. Runge, 307 Ky. 752, 212 S.W.2d 275. It is deemed in the best interest of the chidren for the mother to have custody unless she is a person of unfit character or cannot provide a suitable home. Bowman v. Bowman, 310 Ky. 509, 221 S.W.2d 71; Harp v. Harp, 314 Ky. 618, 236 S.W.2d 698. The basis of the award in this case was that appellant, the mother, had not demonstrated her fitness.

As above mentioned, the mother had full-time employment. For approximately a two-year period prior to the commencement of this action the father kept a running written account of her activities. In substance he proved that she did not prepare many meals, the beds were often unmade, the children were not sufficiently bathed, there were dirty diapers around the house, and appellant spent a great deal of time resting on the couch in front of the TV. It was proven and admitted that she was a member of various bowling leagues, and while bowling, was out late at night at least three times a week.

Appellee injected an element of immorality in the case by proving that at one time the mother was in the apartment of a male fellow worker and that she called him on the telephone several times. It was also shown that she had had an affair with another man prior to 1962.

The parties employed a baby sitter and maid, and it is apparent the mother relied upon such person to take care of the children and the house. She also relied on the help of her older daughter in helping with the household duties. She explains

Weldon Shouse, Shouse, Barker & King, Lexington, for appellant.

Walter L. Brock, Jr., Brock & Brock, Lexington, for appellee.

CLAY, Commissioner.

On this appeal in a divorce action the only issue is which of the parties properly should have been awarded the custody of five children with an age range of 17 to 4 years. The oldest and the youngest are girls. The other three are boys. Just prior to the entry of the divorce judgment the older daughter requested that she be permitted to live with appellant, her mother. An agreed order was entered awarding the mother this child's custody. The judgment appealed from awarded to appellee, the father, the other four children.

The parties were married in 1950. The father was an engineer and the mother was employed at the Avon Signal Depot in Lexington. In 1962 the father filed a divorce action which was dismissed after the parties agreed on a reconciliation.

her extensive interest in bowling as a means of escaping unhappy confrontations with the father.

There was testimony by neighbors that the children were clean, well behaved and well disciplined.

The Chancellor's conclusion was that the conduct of the mother, while not showing moral unfitness, was "not above suspicion" and her apparent neglect and absence from home indicated an indifference toward the children. Reliance was placed on Donoho v. Donoho, Ky., 357 S.W.2d 665, wherein the facts were quite similar to those we have here. Therein a judgment awarding two children to the father was upheld.

The record shows these parties to be intelligent people, and their testimony demonstrates unusual candor for this type of case. There was no evidence concerning the household arrangements that would have to be made to take care of these children, but apparently both parents planned to continue working and some third person would have their care during most of the daytime.

The Chancellor was faced with a problem which was impossible to solve completely, perfectly and permanently. He observed and heard the witnesses, and CR 52.01 admonishes us to give due regard to this opportunity and not to set aside his findings unless clearly erroneous. The Chancellor has a broad discretion in determining the best interests of the children. Hatfield v. Derossett, Ky., 325 S.W.2d 84; Williams v. Williams, Ky., 338 S.W.2d 689. Particularly in view of the mother's past absenteeism, we are unable to find on this record, which we have carefully considered, an abuse of discretion.

The judgment is affirmed.

All concur.

OSBORNE, Judge (concurring).

I concur with this opinion and wish to congratulate my brothers on the court on coming back to a long neglected doctrine.