June C. McNAMEE (now Schaefer), Appellant,

v.

Frank McNAMEE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 18, 1968.

William D. Grubbs, Woodward, Hobson & Fulton, Louisville, for appellant.

Manny H. Frockt, Brian D. Schaefer (guardian ad litem) Louisville, for appellees.

MONTGOMERY, Chief Justice.

This contest concerns the welfare of Robin, the now twelve-year-old daughter of June C. McNamee (now Schaefer) and Frank McNamee. Her custody was granted to the father, with the child to visit her mother each weekend, one week during each Christmas and spring vacation, and one month during the summertime. The mother appeals and urges that she should have the custody of the child. She contends that Robin is a child of tender years and that she, the mother, being a fit person, should prevail over the father.

Apparently the parties were divorced in 1962. The custody of the child was then awarded to the mother's parents because the chancellor refused to split the custody and because the parties lacked the proper understanding of their responsibilities to the child. In 1965, after an independent examination by the court into the character and circumstances of the parties, an agreed order was entered awarding the custody to each parent for six months, with visitation rights to the other. However, the child had been alternating weekly between the homes of her father and mother.

In the spring of 1967, the child's teacher noticed a marked decline in her reading skill and that her conduct in class had become more reserved. Both parents moved for custody. After a hearing at which it was shown that the child had reached a period in life when she needed a more stable home life, the chancellor held that the best interests of the child required that the custody be awarded to the father.

The following extracts from the chancellor's opinion show the basis of the decision:

"Throughout this whole proceeding from 1962 on, I find that the primary need of this child has been for greater stability with a great need developing over the past year for just one place to call home. * * * The determination of custody has been made with this need being considered paramount."

\* \* \* \* \* \*

" * * * But the one matter which is of cardinal importance is to determine which party offers the best chance for long-term stability to provide a home for this little girl.

"On balance, I find that Mr. McNamee's home provides the best prospect. His performance and that of his wife both in the home and in the community indicate that the best possibility of this stability lies in the McNamee's home."

Both parents have remarried. Each has a child or children by the second marriage. The stepparent in each case has accepted Robin as his or her own, and the parents have assumed their proper responsibilities. There is no question of unfitness of either parent involved. The home of each parent was found to be satisfactory. As indicated, the chancellor based his decision on the finding that the home of the father offered the better possibility for the stability needed by the child at her age and thus her best interests would be served by an award of custody to the father.

There is not a sufficient showing that the chancellor was clearly erroneous or was guilty of an abuse of discretion in making such award. The best interests of the child are controlling over all other considerations. See Renfro v. Renfro, Ky., 291 S.W.2d 46; Gates v. Gates, Ky., 412 S.W.2d 223; Wells v. Wells, Ky., 412 S.W.2d 568; and Smith v. Smith, Ky., 429 S.W.2d 387, for further discussion of the principles involved. Cf. Liles v. Liles, Ky., 432 S.W.2d 814 (decided October 18, 1968). There is no basis on which to reverse the chancellor's decision.

Judgment affirmed.

All concur.