**Barbara ENLOW (now Barbara Berry), Appellant,**

v.

**Charles W. ENLOW, Appellee.**

Court of Appeals of Kentucky.

June 26, 1970.

John L. Arnett, Faurest, Collier, Arnett, Hensley & Coleman, Elizabethtown, for appellant.

John A. McCrea, Louisville, for appellee.

STEINFELD, Judge.

Barbara Enlow (now Berry) and Charles W. Enlow were married and divorced on two separate occasions. Both divorce decrees were granted by the Hardin Circuit Court, the last one on July 27, 1968. Three children, Douglas now 10 years of age, Donald 7, and Stephen 4, were born to this couple. In the second divorce proceeding the parties agreed that the wife should have the custody of Stephen and the husband that of the other two. The court so adjudged without imposing any restrictions on either of them concerning taking the children from this state.

Barbara remarried five days after the divorce. Charles moved into a trailer near the residence of his parents who helped care for the boys. The evidence indicated that Barbara visited Donald and Douglas regularly until May 1969 and one more time before December 1969. Later Charles moved to Indiana to be near his job at Jeffersonville where he was working during his marriage to Barbara. For reasons of health he quit that job and had moved to Florida by the time of the hearing on a motion made by Barbara to grant her custody of the two older boys.

After hearing testimony the chancellor denied the motion and authorized the father to take them to his home in Florida but ordered him to return them for a 30-day period when they are out of school for the summer to visit with Barbara and then to be returned to Florida. Barbara then resided in Radcliff, Kentucky. She appeals. We affirm.

Barbara testified that she agreed that Douglas and Donald could stay with their father because they then wanted to be with him and be near their grandparents' farm; that "because of an understanding with her attorney she knew she could get them back when they wanted to come back"; and that she wanted them to be happy. The evidence is clear that she lives in a suitable home, that she and her family regularly attend church, that she is well able to care for Douglas and Donald. Nothing in the record indicates that she is not a fit mother. Her husband did not appear or testify.

Barbara testified to facts which she claims showed that Charles was not suitable to the trust of rearing the children.

She claimed that Charles had interfered with her rights to have their company, that his home life created a bad enviroment, that the boys had done poorly in school and they were obtaining no religious training. Charles and his present wife denied Barbara's assertions and testified as to their love for and desire to keep the boys, of the good environment in which they live, that the boys have adjusted and are doing well in school. No proof showed Charles or his present wife to be unfit.

■ Appellant attacks the order on the theory that the boys being of tender years and the mother not being unfit she must be granted custody. She relies on Chastain v. Chastain, Ky., 405 S.W.2d 758 (1966); Jones v. Sutton, Ky., 388 S.W.2d 596 (1965), and Nicol v. Conlan, Ky., 385 S. W.2d 779 (1964). She points out, and we concede, that an agreed custody arrangement approved by the court may be modified. Tufts v. Tufts, 307 Ky. 114, 209 S. W.2d 821 (1948).

■ The chancellor talked privately with the two boys and he commented that "* * * they have been well coached * * * their preference is to stay with their mother," but he opined "I think the welfare of these children would be better served by leaving them with their father."

A mother in Williams v. Williams, Ky., 290 S.W.2d 788 (1956), petitioned for her child whose custody had been granted to its father. We said "It is the established rule that a decree of divorce fixing the custody of a child may be modified upon a showing of a change of conditions." Possibly some conditions had changed here but "* * * the principal concern always is the welfare of the child. The courts should not entertain modification proceedings except upon a showing that the welfare of the child requires a change." Ward v. Ward, Ky., 407 S.W.2d 709 (1966).

Somerville v. Somerville, Ky., 306 S.W. 2d 301 (1957), quoted from Renfro v. Renfro, Ky., 291 S.W.2d 46 (1956), in which we said:

"* * * The welfare of the child is the determining factor concerned. Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397. The Chancellor has a wide discretion in such cases. The exercise of that discretion will not be interfered with except where it is abused. When the evidence is conflicting, much weight is given to the Chancellor's decision, and after weighing the evidence, the judgment will be reversed only when we are convinced that he was in error. Hager v. Hager, 309 Ky. 803, 219 S.W.2d 10; Newby v. Newby, Ky., 275 S.W.2d 779."

Also see Morris v. Morris, Ky., 439 S.W. 2d 317 (1969), and cases cited therein.

We detect no abuse of discretion by the chancellor and we are not "convinced that he was in error."

The judgment is affirmed.

All concur.