RENDERED: OCTOBER 22, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1233-MR

NATASHA CARMICKLE                                                          APPELLANT

v.          APPEAL FROM MERCER CIRCUIT COURT
HONORABLE DOUGLAS BRUCE PETRIE, JUDGE
ACTION NO. 17-CI-00221

JAMES M. HERRING                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

LAMBERT, JUDGE: Natasha Carmickle (formerly Herring) appeals from the

Mercer Circuit Court's order denying her motion requesting that contact

restrictions be lifted against her boyfriend, Joshua Rice. We affirm.

Carmickle was married to James Herring in 2014. They have two

children together. Their marriage was dissolved in 2017. After the dissolution, the

parties were involved in a dispute over Carmickle's boyfriend having contact with

the children she shares with Herring. The triggering event was that Rice had attempted to place one infant outdoors in wintry temperatures because of the child's incessant crying. After Carmickle (who was pregnant with Rice's child at the time) attempted to intervene and leave with the children, Rice knocked her unconscious. The children, one of whom was spattered with Carmickle's blood, witnessed Rice commit this domestic violence against their mother. The end result was an order, entered February 7, 2018, memorializing an agreement between Carmickle and Herring that Rice have no contact with the children. Carmickle, though, continued her relationship with Rice.

In February 2020, Carmickle filed a motion seeking to lift the restriction, alleging that no further incidents had occurred and that she and Rice had completed training provided by the local Department for Community Based Services (DCBS). Furthermore, Carmickle urged, she and Rice needed restrictions lifted to stabilize the relationship between them and their mutual child, P.R., so that all could become a family unit. Her allegations included statements made by the DCBS worker assigned to their case plan that Rice had successfully completed the Batterers Intervention and Prevention (BIP) program.

The Mercer Circuit Court held a hearing on March 13, 2020. Carmickle and Herring testified as did two social workers (the aforementioned DCBS worker as well as the Carmickle/Herring family's original caseworker from

-2-

the domestic violence incident) as well as a friend of Carmickle. At the conclusion of the hearing, the circuit court made oral findings on the record. These findings were later entered in a *nunc pro tunc* written order dated September 11, 2020. Carmickle appeals.

We begin with a housekeeping matter. Carmickle's brief lacks a preservation statement for each argument. Kentucky Rule of Civil Procedure (CR) 76.12(4)(c)(v)[1] requires a statement of preservation:

> so that we, the reviewing Court, can be confident the issue was properly presented to the trial court and therefore, is appropriate for our consideration. It also has a bearing on whether we employ the recognized standard of review, or in the case of an unpreserved error, whether palpable error review is being requested and may be granted.

*Oakley v. Oakley*, 391 S.W.3d 377, 380 (Ky. App. 2012). "Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only[.]" *Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010). In this case, we elect to ignore the deficiency because Carmickle's recitation of the procedural history contains numerous cites to the record. Furthermore, because this matter

---

[1] The Rule requires "at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

involves the welfare of young children, we shall not impose any of the three penalties but rather shall consider the merits of the appeal.

We next turn to the applicable standard of review of the circuit court's decision to deny Carmickle's motion to adjust the visitation order. Kentucky Revised Statute (KRS) 403.340(3) sets forth the following factors for a court to consider in determining whether to modify a prior custody decree:

> (a) Whether the custodian agrees to the modification;
>
> (b) Whether the child has been integrated into the family of the petitioner with consent of the custodian;
>
> (c) The factors set forth in KRS 403.270(2) to determine the best interests of the child;
>
> (d) Whether the child's present environment endangers seriously his physical, mental, moral, or emotional health;
>
> (e) Whether the harm likely to be caused by a change of environment is outweighed by its advantages to him; and
>
> (f) Whether the custodian has placed the child with a de facto custodian.

KRS 403.270(2) lists the relevant factors to consider when determining the best interests of the children.

> An appellate court's standard of review in the area of child custody is well-settled in this Commonwealth. "The party seeking modification of custody or visitation/timesharing is the party who has the burden of bringing the motion before the court" and "the change of

custody motion or modification of visitation/timesharing must be decided in the sound discretion of the trial court." *Pennington v. Marcum*, 266 S.W.3d 759, 769 (Ky. 2008).

*Williams v. Frymire*, 377 S.W.3d 579, 589-90 (Ky. App. 2012).

[T]he overriding principle, as correctly determined by the trial court, is that the best interest of the child be served by the trial court's decision. *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984). As to what constitutes the best interest of the child, any factual findings are reviewed under the clearly erroneous standard; any decisions based upon said facts are reviewed under an abuse of discretion standard. *See* 1 Ralph S. Petrilli, *Kentucky Family Law* § 26.22 (1988) (citing *Largent v. Largent*, 643 S.W.2d 261 (Ky. 1982); *Enlow v. Enlow*, 456 S.W.2d 688 (Ky. 1970); *Whisman v. Whisman*, 401 S.W.2d 583 (1966); *Hinton v. Hinton*, 377 S.W.2d 888 (Ky. 1964)).

*Young v. Holmes*, 295 S.W.3d 144, 146 (Ky. App. 2009).

With these standards in mind, we turn to Carmickle's first allegation of error, namely, that the circuit court applied the wrong standard of law and therefore its conclusions are erroneous. More specifically, Carmickle contends that the circuit court erroneously placed the burden of proof upon her rather than requiring Herring to bring the requisite motion for change of custody, which would have placed the burden of proof upon him.

We agree with Herring that this issue is not preserved for appeal. Moreover, Carmickle is the one who moved for the circuit court to revisit the visitation limitations which, significantly, were put in place by agreed order of the

parties after Rice had perpetrated domestic violence not only on Carmickle but also on one of the children she shared with Herring. It is disingenuous for Carmickle to claim now that she did not bear the burden of proof. Yes, the record reflects that Herring had also filed motions for the circuit court's consideration at the same hearing, but it is the denial of Carmickle's motion to lift the visitation restrictions that is before this Court. Therefore, the burden of proof was hers, and the circuit court correctly determined, under the proper legal standards, that Carmickle failed to meet that burden. *Williams*, *supra*.

Carmickle secondly argues that there was insufficient evidence to support the circuit court's denial of her motion. Again, we cannot agree. The testimony and evidence in the record, as well as the record itself, strongly support the circuit court's findings regarding its reasoning for denying Carmickle's motion. As the circuit court stated during the March 2020 hearing, "the reasons for the restrictions were significant and severe." The restrictions were agreed to by Carmickle for the protection of her children. Although Carmickle's witness testified that she and Rice had been compliant with the post-domestic violence case plan, the witness admittedly failed to contact or consult with any of the persons involved with the 2018 investigation and court case. The circuit court found that there was insufficient evidence of "any real behavioral changes on the part of Mr.

Rice" and declined to lift the restrictions "stemming from a most gruesome act of domestic violence–not only to [Carmickle] but also to her children."

These findings are neither clearly erroneous nor is the circuit court's holding an abuse of discretion. *Young*, *supra*.

The order of the Mercer Circuit Court is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Joshua A. K. McWilliams
Versailles, Kentucky

BRIEF FOR APPELLEE:

Nolan Weddle
Harrodsburg, Kentucky