## Riggins v. Riggins.

(Decided October 29, 1926.)

### Appeal from Logan Circuit Court.

1. Divorce.—First concern of court in making provision for custody of child of divorced parents is for welfare and happiness of child.
2. Divorce.—Generally, child of tender years should be committed to the care of mother on parents' divorce, if she be proper person.
3. Divorce.—Order granting custody of eight-year old boy to father every Sunday during school period and for two-thirds of summer vacation, will be modified to grant father custody from Friday to Monday every other week during school period, and one-half vacation period.
4. Divorce.—Provision for custody of child of divorced parents during Christmas holidays, permitting him to spend half of time with each parent, held proper.

5.   Divorce.—Allowance of $25.00 per month to wife for support and
     maintenance of child held reasonable, and order reducing allow-
     ance to $15.00 will be reversed.

I. G. MASON for appellant.

SELDEN Y. TRIMBLE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Reversing on the original and affirming on the cross appeal.

This is the third appeal of this divorce case and the questions growing out of it.

The parties were married in November, 1917, a son was born to them in September, 1918, and in December, 1919, they separated, and two days thereafter appellant brought her action for divorce upon the ground of cruel and inhuman treatment.

The first appeal involved the correctness of the trial court's judgment denying the female plaintiff a divorce, and awarding her custody of the infant. The opinion affirmed the judgment of the lower court upon both the original and cross appeals, and directed the payment of $25.00 per month for the support and maintenance of the infant by the father, such allowance to be in lieu of the $40.00 per month allowance pending the action then being paid to the plaintiff, 191 Ky. 22; and further directed the entry of an order permitting the father to visit and see the infant at least once a week.

On the second appeal the judgment was reversed for the reason only that the lower court in attempting to comply with the mandate of this court as to the payment for support in lieu of the *pendente* allowance, made the allowance for support begin at a time when the action was still pending in this court, and before it had been finally disposed of therein. 192 Ky. 500.

The action remained upon the docket of the circuit court as directed in the first opinion for the purpose of enforcing the allowance for support and the provision that the father might at stated periods see the child, and was continued from time to time until the expiration of five years from the original separation, at which time the plaintiff filed an amended petition asking for a divorce upon the ground of five years' separation. She likewise asked for permanent alimony, for the continued custody

of the child, and the continuance of the $25.00 per month allowance for his support.

The defendant denied the separation in the first place was through any fault of his, and contested the right of the plaintiff to alimony, and again asserted his right to the absolute custody of the child.

The court granted appellant an absolute divorce under the amended petition and gave her a judgment for her costs up to that time; but thereafter other and additional evidence was taken by the parties upon the issues as to the custody of the child and the continuance of the allowance. Then after the taking of such evidence the court entered a judgment denying the defendant's claim for the absolute custody of the child, but modifying the former order with regard to its custody, and changing the former allowance to be paid by the defendant from $25.00 per month to $15.00 per month.

That modification as to the custody is as follows:

"It is ordered that hereafter and until the further order of the court herein the custody of said child shall be as follows: The defendant, the father, shall, twice during each month, have the privilege of taking said child to his home on Friday evenings and keeping it until Monday morning, when he shall return it each time to its mother's home, and that during every other week he shall have the custody of said child on Sunday as hereinbefore provided, and furthermore it is ordered that the father, the defendant, shall, when school is not in session, have the custody of said child two-thirds of the time, that is, he shall take said child to his home and keep it for two weeks and then return it to its mother's home, who shall be allowed to keep it for one week, and then the defendant shall take it the next two weeks and the mother shall have it the next, etc., until the school vacations are ended, and it is further provided that the father, the defendant, shall have custody of said child half of the time during the Xmas holidays, the father to have the custody during the first half of the next Xmas holidays and the mother the custody the first half of the second ensuing holidays, and thus alternatively."

It is from this order modifying the right of custody and reducing the allowance for support that this appeal

is prosecuted, and the defendant prosecutes a cross-appeal, still reasserting his right to the absolute custody of the child.

The making of proper provision for the custody of an infant growing out of differences between its parents is one of the most delicate as well as important duties devolving upon a chancellor. His first concern is always for the welfare and happiness of the infant, and yet natural instinct demands of him the recognition of the rights of each of the parents. He knows that nature has implanted in every normal parent a love for the offspring which is second to none, and he knows that the conditions and circumstances arising in each case are almost necessarily different from those in any other case. It is clear, therefore, that in the settlement of such unhappy controversies only general rules of law may be laid down, and that in their application each case in a large measure must be determined upon its own peculiar facts and conditions.

Here we have two normal young people who apparently are unable to live together in harmony, and they have an infant now eight years of age and attending school. They live, and have always lived, in the same locality; the child's general custody has been granted to the mother, with the right of the father every other Sunday to have its custody from morning until night, which right was granted to the father by an order of court entered when the child was only about three years of age. So far as this record discloses they are each devoted to the infant, and each desirous of rearing and training it in the paths of rectitude so that eventually it may become a useful and honored member of society. The father is a vigorous, hard-working and apparently reasonably prosperous man, while the mother is living at her old home, where her father recently died, and where the child has proper care and attention and the blessings of a good home. The parties live only a mile or so from each other in a prosperous farming community, and we gather from the record that the infant would be well cared for by either parent, and would have at either home excellent care and treatment as well as moral training.

The child is a boy now eight years of age, and it is only natural and proper that he should have more of the society of his father than he could properly have had in his younger childhood. On the other hand, he is

not yet of such age that he does not require almost constant care and attention from a loving mother.

The general rule deducible from the opinions in this state is that the custody of a child of tender years should be committed to the care of its mother if she be a proper person. While the child has reached an age where he may be expected to have greater association with his father than he had in earlier years, he is yet an infant of tender years who should not be for any great length of time separated from his mother. But in recognition of the father's rights and of the right of the infant to greater association with his father, particularly during the vacation period when the infant is not at school, and yet recognizing the general rule that the mother should, generally speaking, have the care and custody of such an infant, under the facts of this case we have deemed it to the interest of the child primarily, while not losing sight of the claims of both parents, to somewhat modify the order of the circuit court as to the custody.

It will be observed that under the order of court the custody of this infant is given to its father every Sunday during the nine months' term of school, and that its custody is given to the father for two-thirds of the time, including Sundays, during the summer vacation. We cannot feel that the interest of the child or the rights of the mother are properly safeguarded in this order, but that the same should be so modified as to permit the father during the school term to have the custody of his son from Friday until Monday every other week, which includes such Sundays, and eliminate his right to the custody on any other Sunday.

It appears to be unreasonable during the vacation period to award the custody for two-thirds of the time to the father. An infant of such tender years should not for any great length of time, nor for any considerable portion of the time, be separated from his mother; but, in view of the fact that at the next summer vacation the child will be nearly nine years of age, we think it eminently fair and proper to all parties concerned that during such vacation it should divide its time equally between the two parents. Even then the child should not be separated from its mother for a period longer than two weeks at a time, and the order should direct the custody in each of the parents for alternate periods of two weeks during such vacation.

This modification gives the father association with his child for three days out of each two weeks during the school term, and for half of the period during the vacation; and having in mind the fact that during the school term too much diversion and change of location might interfere with the child's studies, we deem this a generous provision in the father's interest.

The provision as to the alternate custody of the infant during the Christmas Holidays seems to be unobjectionable, for if he can spend half of that happy period with each of his parents it might be that Santa Claus would call upon this unfortunate child twice each season.

As to the modification of the allowance of $25.00 per month, we are of opinion that the original allowance was entirely reasonable, taking into consideration the cost of living at this time. But during the vacation period, at such times as the father may have the custody of the infant for one-half the time, the allowance of $15.00 per month would appear to be proper.

The court upon the return of this case will modify its order as herein indicated, and adjudge the appellant her costs, which it did not do in the last named order.

The chancellor will keep the case on his docket for the enforcement of his orders, and for such future modification as may be warranted.

The judgment is affirmed on the cross-appeal and reversed on the original appeal, with directions to enter a judgment as herein indicated.