## Clark v. Clark.

June 23, 1944.

G. S. Milam for appellant.

G. D. Milliken for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE FULTON—Affirming.

In this action the appellee sought a divorce from the appellant on the ground of cruelty. The appellant, by counterclaim, sought a divorce on the ground of lewd and lascivious conduct proving the appellee to be un-

chaste. The Chancellor awarded the appellee a divorce and custody of a five and a half year old boy and directed the appellant to pay twenty dollars per month for his maintenance. The appellant was given the right of visitation. This appeal is from so much of the judgment as awarded custody of the child to the appellee.

The parties were residing in Idaho in 1939 and the appellant was doing farm work. The appellee returned to Kentucky with her mother on January 1, 1940 and the appellant went to the state of Washington to seek work. He there attended a government school in connection with a war industry and later went to Pensacola, Florida, where he was employed as a metal worker. He returned home in the month of April to attend the funeral of his baby. He admits that he sent his wife only thirteen dollars from January to July.

Sometime in the month of June the appellee became enamoured of a man by the name of Ray Purdy. Without going into details, we are convinced from the evidence that undue intimacy existed between the appellee and Purdy. The appellee filed this action in July for the purpose of securing a divorce and marrying Purdy, proceeding against the appellant as a non-resident. The appellant knew nothing about the divorce action but returned to Kentucky upon receiving information as to the affair between Purdy and his wife. He then made defense to the action.

The evidence for the appellee failed to establish cruel and inhuman treatment sufficient to warrant a divorce. We presume that the Chancellor awarded the divorce to the appellee because he regarded the charge of unchastity as unfounded. As indicated, however, we think the evidence clearly established that there was undue intimacy between the appellee and Purdy, such as to entitle the appellant, rather than the appellee, to the divorce.

In these circumstances it is indeed difficult to determine whether the custody of the child should have been given to the appellee or to the appellant. The paramount consideration is, of course, the welfare of the child. The child is very young and the courts are always loath to deprive a mother of the custody of very young children. It is only when it clearly appears that the mother is an unfit person to have the custody of a young

child that she should be deprived of it. The evidence here does not establish that the appellee has been promiscuously immoral. There is no intimation that she was ever guilty of indiscretion with any man other than Purdy. She evidently was in love with him since she was procuring the divorce to marry him and, as stated in the appellant's brief, she did marry him after the divorce was granted.

The appellant testified that his mother, who resided on a farm, was ready and willing to come to him and make a home for him. He also said his married brother was willing to take the child and care for it in his home. But, since the appellant is in the state of Florida, temporarily engaged in war work, it does not seem to us that he is advantageously situated to have custody of the child.

Having in mind the welfare of the child, we have concluded that the judgment should be affirmed. The court retains control of the action for the purpose of regulating the custody of the child and may at any time modify the order with reference to the child's custody on a showing of changed conditions. If the appellant is able at some time in the future to show himself more advantageously situated to care for the child, he should be awarded its custody for a substantial portion of the time.

Affirmed.