## Stamper v. Stamper.

January 14, 1949.

O. J. Cockrell and Chester A. Bach for appellant.

Kash C. Williams, G. C. Allen, and Ervine Turner for appellee.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

In this action appellant, the wife, was granted an absolute divorce from her husband, the appellee. The controversy on this appeal involves the custody of children, and the allowance of alimony and maintenance.

The parties were married in 1921 and have eight children ranging in age from twenty-four to three. Five of them are infants under the age of sixteen. The Chancellor awarded the custody of the children under sixteen to the wife for seven months out of the year and to the husband for five months. The children over sixteen were authorized to elect the parent with whom they wished to live. While in the custody of the wife, the husband was ordered to pay for their maintenance the sum of $40 a month, and was to pay $15 a month to her when he had the custody of the children. She was given some of the livestock and other personal property owned by the parties, and also awarded the control of one of the farms owned by the husband.

The evidence indicates both parties were somewhat at fault in the breakup of this marriage. However, neither party seems to have been guilty of such reprehensible conduct as would justify a one-sided judgment particularly favoring either party. It was not proven that either party was unfit to care for the children. Insofar as the custody award is concerned, the Chancellor dealt with the problem fairly.

The next question is whether or not the allowances by way of alimony to the wife and maintenance for the children was adequate under the circumstances. The husband owned, or had an interest in, two farms (sometimes referred to in the evidence as four different tracts) and on each of these farms was a house and appurtenant outbuildings. The value of this property was estimated at from $2,500 to $7,000. The husband had no other estate except some livestock and other physical personal property used in connection with the home and the

farms. The proof is not at all satisfactory concerning the earnings of the husband. He does some farming, which consists principally of raising corn and tobacco, trades in livestock, and engages in odd job enterprises such as hauling and coal sledding. Apparently he has been able to support his family and raise his children in accordance with a fair standard of living for the particular community where they reside. The wife seems to have handled a number of money matters for the family, and has saved up some cash which she now has.

While the wife would probably not be able to earn her living in a salaried employment, it is not shown by the evidence that the allowances made were insufficient for the support of herself and children, nor was it shown that the husband would be able to, or should, contribute more. Since the wife was given the control and management of one of the farms, this of course would produce for her an additional income, or at least give her a home and the means of helping to feed and care for her family.

On the whole case we believe the Chancellor fairly determined the rights of the parties.

For the reasons stated, the judgment is affirmed.