Kinsolving & Reasor, H. B. Kinsolving III, Shelbyville, for appellant.

John W. Coomes, New Castle, for appellee.

**Marvin Franklin KELIEN, Appellant,**

**v.**

**Frances Pauline KELIEN, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1954.

SIMS, Judge.

This appeal involves which of the divorced parents is entitled to the custody of their daughter, Martha Ann, now about four years old. The chancellor after hearing considerable proof left the child in the custody of her mother, with the right of visitation to the father, and ordered him to pay $5 per week for the support of Martha. He appealed.

At the time the parties married in May 1949, appellee was 15 years of age and her husband was 19. She sued him for divorce on the ground of cruel and inhuman treatment in July 1953, asked for the custody of Martha and sought alimony and maintenance for the child in a "reasonable sum". The answer and counterclaim of the husband denied the averments of the petition, sought a divorce on the same ground, averred his wife was not a fit person to have the custody of Martha and he asked for the custody of the child.

An agreement reached between the parties on December 9, 1953, which was incorporated in the divorce judgment entered the next day, provided that the mother be given custody of Martha, with the right of

visitation by the father, and that the mother waived right to alimony and to maintenance for Martha. The mother re-married March 1, 1954, and the following May 15th, the father filed a motion asking that the judgment be modified and he be given custody of Martha on the ground the mother was unfit to have custody of the child. The mother's pleading denied the averments of the father's motion and asked that the judgment be modified to the extent of giving her $25 a week for the support of Martha.

The attack on the mother is based on two grounds: (a) that while the divorce suit was pending she became pregnant by the man she subsequently married; (b) that the child has not been properly cared for and had been in the crowded and unwholesome home of its maternal grandmother.

Appellee had a stillborn child on April 1, 1954, weighing one and a half pounds, which the attending physician testified was of about 21 weeks gestation. Therefore, this child must have been conceived some five months after appellant and appellee separated in July 1953, and shortly before the divorce was granted the following December 10th.

Appellee married the father of this baby a month before it was born. There is some testimony that after she separated from appellant, and before her divorce, she was "going around" with men other than the one she subsequently married, but it was not shown she committed any immoral acts with any of them except the man she later married. Nor is there evidence of any indiscretions upon her part after her second marriage.

We have written in several cases that acts of indiscretion by a wife with a man she marries shortly after being divorced, where there was no evidence of promiscuity, did not brand her as unfit to have the custody of a young child. Ruttencutter v. Ruttencutter, 293 Ky. 556, 169 S.W.2d 604; Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397; Price v. Price, 306 Ky. 214, 206 S.W.2d 924; Hager v. Hager, 309 Ky. 803, 219 S.W.2d 10; Bowman v. Bowman, 310 Ky. 509, 221 S.W.2d 71; Harp v. Harp, 314 Ky. 618, 236 S.W.2d 698; Sparkman v. Sparkman, Ky., 256 S.W.2d 20.

[1, 2] Counsel for appellant ask us to lay down a rule distinguishing between an unquestioned act of immorality and a questionable one, where there is no evidence of promiscuity, which will brand a mother as an unfit person to have the custody of her young child. This we decline to do because every case of this character must be determined upon its own peculiar facts and circumstances, with the chancellor always keeping foremost in his mind what is for the best interest of the child.

There is testimony in the record that the parties lost a child about 7 weeks old; that during this pregnancy appellant willfully kicked appellee in the abdomen; that he unmercifully slapped this 7 weeks old baby in an effort to stop it from crying and jammed a bottle into its mouth with such force as to make blue marks on its gums. Appellant vehemently denies such inhuman conduct. The chancellor has a wide discretion in cases of this character and if he believed the father was guilty of such cruel acts, he was certainly justified in holding that the mother was the more suitable parent to have the custody of Martha. Also, in determining this question, the chancellor well might have taken into consideration the fact that the father agreed the mother should have custody of Martha in consideration of his being relieved of the child's support. Such an agreement put the father in an undesirable light when he later sought custody of his child.

Martha had been living in the home of her maternal grandmother, who was convicted of illegally selling whiskey. Furthermore, it was shown this home was greatly crowded and that obscene language was used at times before Martha. Such a home is not a fit place for a child. However, the proof is to the effect that appellee's present husband works and resides on his parents' farm of some 260 acres; that he wants this child; that he and his wife and Martha will reside on his parents' farm

362

in a comfortable home with wholesome surroundings.

█ Appellant questions the good faith of appellee and her present husband to take the child to this farm and expresses fear that the little girl will soon again be unkempt and exposed to the bad influences which surround the home of the maternal grandmother. Appellant shows that his parents are willing and able to give Martha a good home and loving care. He should not be too much concerned as to the good faith of appellee and her husband in properly caring for Martha, as the chancellor will retain control of this case for the purpose of supervising the custody of Martha and may at any time modify his order to meet changing conditions, always remembering the welfare of the child. Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397.

The judgment is affirmed.