**Bercie GARNER (Now King), Appellant,**

v.

**Willard GARNER, Appellee.**

Court of Appeals of Kentucky.

Oct. 7, 1955.

James E. Gillenwater, George J. Ellis, Jr., Glasgow, for appellant.

A. P. Carter, Tompkinsville, for appellee.

CAMMACK, Judge.

This is an appeal from an order providing alternate custody of two infant girls, ages four and five. The appellant, Bercie King, was granted a divorce from the appellee, Willard Garner, in October, 1954, and was given custody of the children. The appellee was given the right to take the children to his home, where the children had been reared, for one weekend each month. The father lives with his parents out in the county. The mother remarried December 31, 1954. She lives in town. On February 5, 1955, on motion by the appellee, the court entered an order granting custody to each parent during alternate months until Motion Day, December 20, 1955. This appeal is from that order.

Bercie King contends that the order does not reflect the best interests of the children, and that she, as the mother, is entitled to their custody in the absence of a showing that she is unfit for such a responsibility.

The mandate of KRS 403.070 is that custody must be governed by the interest and welfare of the children. Trial courts are peculiarly adapted to the fact-finding process, especially in a case such as this, which must precede the application of this rule. In the absence of an abuse of discretion in awarding custody, this Court will not interfere with the decision of the chancellor. Newby v. Newby, Ky., 275 S.W.2d 779; Price v. Price, 306 Ky. 214, 206 S.W.2d 924. In view of this rule,

coupled with the fact that the order appealed from will terminate by its own terms in the very near future, we deem it desirable to maintain the status quo until the lower court again considers the problem.

Upon the termination of the order appealed from, the chancellor will enter an order reflecting his determination of the best interests and welfare of the children as of that time. He will, of course, take into consideration all the surrounding facts and circumstances concerning the welfare of the children, including the inherent evils of alternate custody.

Judgment affirmed.