**Nolene Derossett HATFIELD, Appellant,**

v.

**Silas DEROSSETT, Appellee.**

Court of Appeals of Kentucky.

Oct. 28, 1960.

Joe Hobson, Prestonsburg, for appellant.

W. W. Burchett, Prestonsburg, for appellee.

STEWART, Judge.

This is a child custody case involving twin girls who are now five years of age.

On April 10, 1957, the father (appellee) was granted a divorce on grounds of lewd and lascivious conduct on the part of the mother (appellant), and the latter was awarded the custody of the children "subject to be changed at anytime." Appellant's misbehavior, if such occurred, grew out of her intimate relationship with one Frank Hatfield. She immediately took the children to Ohio where she settled and, some three months later, married her alleged paramour.

This litigation stems from an agreed order which was filed in the Floyd Circuit Court and which provided appellee was to retain the children in question for sixty days from September 7, 1957, and "if at the end of two (2) months the parties hereto are unable to agree concerning the custody of these two (2) children, the matter shall be adjudicated by the court." The parties were unable to agree and the chancellor after a hearing modified the previous order, placing the children with appellee.

On appeal this Court vacated that judgment and remanded the case to the circuit court for findings of fact. See Hatfield v. Derossett, Ky., 325 S.W.2d 84. Upon the remand the chancellor heard the case anew, made findings of fact and again awarded the custody of the children to the father.

On this appeal appellant urges: (1) Since the chancellor determined that the appellant mother was a fit person to have the care of the children and could provide a suitable home for them, their custody should have been granted to her; and (2) appellee failed to meet the burden of establishing a change of condition had occurred after the entry of the divorce decree and

the award giving her the right to retain the children.

When this case was first tried, as we have noted, although the chancellor granted the husband (appellee) a divorce because it was shown the wife (appellant) was guilty of moral delinquency, at the same time he considered her a proper person to have the care and control of her two small girls. In the most recent hearing which is now being reviewed, as reflected by his findings of fact, his mind remained unchanged in respect to appellant's personal fitness to raise the two children, but he thought her home was unsuited for the reason that her husband would be a harmful influence upon the two infants.

Let us evaluate the proof as it bears upon appellant's present husband, Frank Hatfield, and upon her former husband, appellee herein. It appears the sole reason the chancellor found Hatfield kept appellant's home from being an appropriate place in which to rear the children was the fact that he is under an indictment for conspiring to dynamite the home of appellee's father. Obviously this indictment is nothing more than an accusation and we must regard Hatfield innocent of the charge preferred against him until he is found guilty. As against this evidence supposedly affecting Hatfield's character, the record reveals that, since his divorce, appellee has been convicted of a felony and has been sentenced to serve a year in the penitentiary.

The evidence also brings out the fact that Hatfield for some time has operated a filling station at Jackson, Ohio, and that his income from this business approximates $5000 annually. Hatfield's standing in his community was established as above reproach by Roy Gilliland, the prosecuting attorney of Jackson County, Ohio, by Lewis E. Cochran, a member of the school board of that county, by two ministers in the town of Jackson, and by several of his neighbors. Aside from the fact of his indictment, above mentioned, and the implication that may be drawn from it, no evidence was introduced which tends to show that Hatfield would be a bad influence on these children.

At the time this proceeding was held, appellee was unemployed and was making his home with his father on a small farm up in a remote part of Floyd County. He has remarried and his second wife must for the most part look after the children involved in this proceeding, if he must raise them. Their schooling must be obtained from a one-room school in that section.

■ This is not, however, a contest between Hatfield and appellee, but if it were we believe Hatfield's standing as a person fit to exercise parental rights over the children is as high as that of appellee's. Here the mother married the man with whom she was allegedly indiscreet. Furthermore, there is no evidence that she is, or has ever been, a woman of promiscuous immorality. The rule is that, other things being equal, the mother is entitled to the care, custody and control of children of tender years, unless the evidence is to the effect that she is morally unfit. Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397.

Appellant is the principal of the Hamilton School at Jackson, Ohio, which position she has held since 1956. She not only teaches the seventh and eighth grades, but supervises the other teachers, sees that the school is run in an orderly fashion, and maintains discipline among the children attending this school. The evidence conclusively establishes that appellant's home is entirely suitable for rearing the children and that she is a fit person to have their custody.

We believe there was no sufficient reason presented to the chancellor why he should take these children from their mother and turn them over to their father to raise. Because of their tender age, and especially since they are girls, she is the one who should have the care and nurture of them.

■■ Furthermore, this Court adheres to the rule that an order pertaining to the

custody of children may be modified only upon proof showing a change of conditions. See Williams v. Williams, Ky., 290 S.W.2d 788, and 17 Am.Jur., Divorce and Separation, sec. 684, pp. 518, 519. If anything, the situation of the mother, since the children were initially placed with her, has improved in respect to her potentiality to train and educate them. On the other hand, it is our considered opinion that appellee's opportunity to give them what they should have for a full life has become more limited.

Wherefore, the judgment is reversed and a new one shall be entered bestowing the custody of the two girls upon appellant.