Nancy McLEMORE, Appellant,

v.

Ralph McLEMORE, Appellee.

Court of Appeals of Kentucky.

April 28, 1961.

Rehearing Denied June 23, 1961.

Nat Ryan Hughes, John Arna Gregory, Jr., Murray, for appellee.

MONTGOMERY, Judge.

The judgment in the divorce action between Nancy and Ralph McLemore awarded the custody of three small girls to each parent alternately and fixed the amount for their maintenance and support. The mother complains of this part of the judgment.

Nancy and Ralph McLemore were married in 1951 and separated in 1960. They have three children: Nancy Caroline, Susan Jane, and Mollie Ann, eight, five, and two years of age, respectively. The youngest child had a physical defect at birth and has undergone surgery for its correction.

The judgment provides that each parent shall have custody of the children alternately for a week at a time and that the father shall pay $50 per month for the support of the mother and the children and all necessary medical expenses of the children. Appellant contends that the paramount interest of the children requires that they be kept in the custody of the mother, with the father having the privilege of reasonable visitation, and that he should pay more for their support and maintenance.

The fitness and suitability of the parents and their respective homes, both being in the same town, are not involved. The question is presented as to whether the interest of the children is better served by their being in the custody of the mother rather than the father or by split custody, other factors being equal.

The rule is that the paramount consideration in child custody cases is the welfare of the child and not the wishes of the parents. Youngblood v. Youngblood, Ky., 252 S.W.2d 21; Sevier v. Sevier, Ky., 280 S.W.2d 526. The child's well-being is usually fostered and developed better by awarding custody to the mother because of the nature of their relationship. To this end, the Court is always loath to deprive a

H. H. Lovett, Jr., Lovett, Lovett & Lovett, Benton, for appellant.

mother of the custody of very young children. Riggins v. Riggins, 216 Ky. 281, 287 S.W. 715; Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397; Renfro v. Renfro, Ky., 291 S.W.2d 46; Hatfield v. Derossett, Ky., 339 S.W.2d 631. Especially is this true in the case of young girls. Bowman v. Bowman, 310 Ky. 509, 221 S.W.2d 71; Harp v. Harp, 314 Ky. 618, 236 S.W.2d 698; Hatfield v. Derossett, Ky., 325 S.W.2d 84.

Ordinarily the Court does not look with favor upon split custody of small children. Garner v. Garner, Ky., 282 S.W.2d 850; Conlan v. Conlan, Ky., 293 S.W.2d 710. In Towles v. Towles, 176 Ky. 225, 195 S.W. 437, 438, the Court held that the Chancellor should have awarded the custody of two young boys to their mother, permitting the father to visit at reasonable times and places, instead of awarding custody jointly to the father and mother, alternating monthly. In condemning such an arrangement, the Court said:

> "* * * it is only necessary to say that such an arrangement would be greatly to the detriment of the children, because it would give them no fixed or permanent home, but rather keep them unsettled and on the move. Nothing can be more demoralizing to a home or destructive to good citizenship than to have children of the age of these boys going from one home to another each month."

In Davis v. Davis, 289 Ky. 618, 159 S.W.2d 999, 1001, the Court further condemned split custody by saying:

> "* * * in the molding of the character and habits of a young life, it is as foolish to keep shifting him between his parents whose incompatibility has wrecked their attempt to establish a home * * * as it would be to keep shifting a plastic compound from one mold to another and back again."

The best interest and welfare of the child demand that divided custody should be avoided if possible, and it will not be approved except under exceptional circumstances or for strong and convincing reasons. 27B C.J.S. Divorce § 308d, p. 447.

Appellee has cited several cases, including the Davis and Conlan cases mentioned, in support of the split custody order. In Belknap v. Belknap, 265 Ky. 411, 96 S.W.2d 1012, the mother was awarded custody during the school term and the father during vacation. In Stamper v. Stamper, 309 Ky. 161, 216 S.W.2d 936, the mother was awarded custody for seven months and the father for five months. In Babb v. Babb, Ky., 293 S.W.2d 728, custody alternating every three weeks was upheld when the situations of the parents were not too favorable and indicated that the small boy would probably be cared for by the grandparents. Custody alternating bimonthly was sustained in Heltsley v. Heltsley, Ky., 242 S.W.2d 973, wherein it was indicated that the split custody may have been invoked by the Chancellor in the hope of inducing a reconciliation of the parents. Such thought has been suggested as the explanation for the Chancellor's ruling here, but the welfare of the children is paramount to any effort to reconcile their parents. The cases cited do not justify the Chancellor's order.

Accordingly, it is felt that the custody order is in error and that the custody of the three little girls should be awarded to the mother, with provision for visitation by the father at reasonable times and places. This conclusion is fortified by the fact that the employment of the father requires his absence from the home much of the time and that it would be necessary for the father to make some arrangement for the care of the children during his absence. This is recognized in appellee's brief wherein it is pointed out that it would be necessary for the children to be left in the care of his sister and parents.

Appellant was awarded $50 per month for support and maintenance of her-

self and three children. Appellee's salary is in excess of $400 per month. Inasmuch as appellee would have to support and maintain the children during the time they were with him and in addition would have to pay the cost of supporting someone to look after them, the award for support and maintenance should be increased to $100 a month. Young v. Young, Ky., 340 S.W.2d 253.

The judgment is reversed for entry of orders in conformity herewith.