**Alma Sutton JONES, Appellant,**

**v.**

**Harold SUTTON, Appellee.**

Court of Appeals of Kentucky.

March 26, 1965.

William R. Forester, Greene & Forester, Harlan, for appellant.

William S. Tribell, Tribell, Tribell & Tribell, Middlesboro, for appellee.

STEWART, Judge.

Alma Sutton Jones appeals from an order of the Harlan Circuit Court transferring the custody and control of two infant children from herself, their mother, to Harold Sutton, their father. Thus we are presented with the ever difficult question of determining which parent should have the care of their children.

Appellant was granted a divorce from appellee on January 9, 1964, the grounds being cruel and inhuman treatment on the part of appellee. The trial court found appellant to be better suited to have the custody and control of their two children, a boy five years old and a girl two and one-half.

Appellant, upon the severance of her marriage ties, was employed at the Robinette Chevrolet Company in Harlan. Shortly after she began working she met Robert Jones, another employee of this company, and they appear to have been immediately attracted to each other. Their relationship became intimate and she was soon aware of the fact that she was in a pregnant condition.

Jones, who was at the time married, obtained a divorce from his wife in order to consummate a new marital union with appellant. However, approximately one week prior to the granting of the divorce appellant and Jones, together with her two children, moved into a house at Cumberland and started living together under a husband and wife status.

On August 7, 1964, appellee swore out a warrant charging appellant and Jones with adultery and had them arrested. On the next day, no doubt intending to evade prosecution, they went to Jonesville, Virginia, and undertook to marry. They later found out this marriage was illegal because Jones' divorce had not become final. Jones was, however, granted a divorce on August 12, 1964, and he and appellant were legally married on that date. The adultery warrant was then dismissed.

On August 30, 1964, appellee filed a motion to have the custody of the infant children transferred from appellant to him upon the ground that she had "engaged in such lewd and lascivious conduct and other acts" as to establish her unfitness to keep the children under her control.

The facts we have recited came out at a full-blown hearing before the chancellor. The latter awarded the children to appellee for a period of nine months because he "is better suited to the trust." No finding was made on the question of whether the children were taken from her for moral reasons. The testimony of appellee revealed he is presently living with his parents at Fresh Meadow in Harlan County in a six-room house. The household consists of his

father, sixty years of age, his mother, fifty-three, an unmarried brother, twenty-two, and himself. Appellee has not remarried. He has a sister and sister-in-law who stated they would assist him in looking after his children. His sister has one child; his sister-in-law, two. Appellee is employed at a dairy, making $1.25 per hour.

Jones testified he is the office manager of the Robinette Chevrolet Company in Harlan at a salary of $400 per month; that he had never had any social engagements or relations with appellant prior to her divorce from appellee; that he desired to have the custody of the children and felt he could provide for their support and maintenance; that when he and appellant moved into the house at Cumberland it was their intention to get married; and that at no time did appellant encourage him to obtain a divorce from his former wife.

Appellant testified she did not smoke or drink, and felt she could properly take care of the children and rear them in a Christian home and give them the education and care they required. She stated she and her present husband loved her children and that the latter had already been a better father to them than appellee was during the time he and she were married. According to her testimony, she is no longer employed and is able to devote her entire time to the care of her children.

In a proceeding such as the one before us, it has many times been stated that the paramount concern of courts is the welfare and best interest of the children and not the wishes of the parents. Generally, the custody of children of tender years is bestowed upon the mother, unless it be clearly shown she is a person of unfit character or is unable to provide them with a suitable home. See Sevier v. Sevier, Ky., 280 S.W.2d 526; Youngblood v. Youngblood, Ky., 252 S.W.2d 21; Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397.

There is no testimony in the record before us which would warrant a finding that appellant has been guilty of such lewd and lascivious behavior as to deprive her of the custody and control of her infant children. Unfortunately for her general reputation she was indiscreet in her premarital relations with Jones. Still, there is no intimation whatsoever that she misbehaved with any other man. She stated she was in love with Jones when they became intimate with each other, prior to their marriage. She also stated that at no time did she encourage her present husband to get a divorce, but that she wanted to marry him if he ever became released from his first wife.

We have held in many cases that although the mother had been indiscreet with a man she married shortly after her divorce, such indiscretions do not necessarily brand her as a person unfit to have the custody of her young children. There must, in addition, be evidence of promiscuity. See Ruttencutter v. Ruttencutter, 293 Ky. 556, 169 S.W.2d 604; Clark v. Clark, 298 Ky. 18, 181 S.W.2d 397; Price v. Price, 306 Ky. 214, 206 S.W.2d 924; Hager v. Hager, 309 Ky. 803, 219 S.W.2d 10. Promiscuity is not an isolated incident of sexual relations with one particular person, but denotes an indiscriminate grant of physical favors to persons of the opposite sex without any requirement of love. It was not proven that appellant was a woman of promiscuous immorality.

The question posed in this case is whether it will be to the best interests of these infant children to place them in the home of appellee's parents where they will be handed from mother to father, to sister, to sister-in-law, each having their own standards of raising families, or whether it will be better to leave them with their mother, who sincerely loves them and can give them a stable home life. There appears to be no question but that appellant and her present husband can and are providing the children with a good environment. Their home is in a good neighbor-

hood, and it is readily accessible to schools which have good facilities.

We, therefore, conclude the interests of the children will be best served by leaving them with their mother.

Wherefore, the judgment is reversed with directions that the original one be reinstated whereby the children are restored to the custody and control of appellant.