**Juanita ROADEN, Appellant,**

**v.**

**Herman ROADEN, Appellee.**

Court of Appeals of Kentucky.

Oct. 8, 1965.

J. B. Johnson, Jr., Williamsburg, for appellant.

William S. Tribell, Middlesboro, for appellee.

PALMORE, Judge.

The parties to this divorce proceeding married in 1949 and separated in 1963, following which the husband was awarded a divorce and custody of their two daughters, 14 and 10 years of age. The appeal is confined to the custody question.

Without considering the testimony given by the husband himself, which was so warped by leading questions and filled with rank hearsay that much of it is of dubious value to a court of law,[1] the evidence provided by other witnesses amply supports the chancellor's finding that the wife is not the fit and proper person to have custody of the children at this time. For 18 months or so prior to the separation the husband's work as a railroad brakeman kept him out of town several nights every week, and the gist of the evidence is that the wife was habitually running around with several other men while he was away. Even the little girls say so. That is enough, in our opinion, to support the chancellor's judgment with respect to the wife's fitness. It is not necessary that sexual incontinence be proved. Cf. Donoho v. Donoho, Ky., 357 S.W.2d 665 (1962).

The familiar maxims that add up to the general proposition that young children, especially girls, ordinarily are better left with the mother, and better left with a natural parent than with grandparents, are of course all subject to the overriding principle that the welfare of the children is the paramount consideration. Cf. Nichol v. Conlan, Ky., 385 S.W.2d 779 (1965).

During the course of the litigation a new circuit judge was elected and took office, and he disqualified himself because he had represented one of the parties. Meanwhile the wife had been given temporary custody of the children. Final judgment transferring custody was rendered by a special judge. Appellant argues that less latitude should be accorded the special judge's discretion because he was not personally familiar with the parties and their background.

It is true that in sustaining trial findings this court frequently has cited the local judge's knowledge of the parties, the witnesses, and the circumstances. Cf.

Youngblood v. Youngblood, Ky., 252 S.W.2d 21 (1952). However, it is equally true that a judge who is free of any such familiarity may be in a better position to render an impartial judgment. We cannot have one criterion for the local judge and another for special judges.

Appellant contends also that the chancellor failed to give consideration to the exemplary manner in which she conducted herself during the time this case was in litigation pending final judgment, a period of almost two years. Our reaction to this point is that the best indication of whether her rededication to the good life is sincere and lasting will be found in her continued good conduct after the case is over. Her good record during the pendency of the litigation may be considered incident to a subsequent motion based on changed circumstances. So may the preferences indicated by the children themselves.

The judgment is affirmed.

---

1. Counsel on this appeal did not conduct the examination in chief.