**Dianna Lynn KNIGHT, Appellant,**

v.

**James Edgar KNIGHT, Appellee.**

Court of Appeals of Kentucky.

Sept. 29, 1967.

Billy R. Paxton, Central City, for appellant.

Marion Vance, Glasgow, for appellee.

WADDILL, Commissioner.

The only issue to be resolved on this appeal is whether the Chancellor abused his discretion in entering an order providing alternate custody of a five-year-old boy between his parents, the parties to this appeal.

Appellee was granted a divorce from appellant in November 1963. Both parties had asked for the custody of their infant son. The record in that case discloses that both parties live with their parents and that they have jobs which require them to leave the infant with relatives while they are at work. There are circumstances disclosed in the divorce action which make the custody question unusually difficult of proper solution.

The interest and welfare of the child and not the wishes of the parents are the paramount concern of the courts. McLemore v. McLemore, Ky., 346 S.W.2d 722. In the absence of proof to the contrary the mother is considered best fitted to care for the needs of young children. Hatfield v. Derossett, Ky., 339 S.W.2d 631; Renfro v. Renfro, Ky., 291 S.W.2d 46.

This court looks with disfavor upon split custody of young children. In considering such arrangement the court in Towles v. Towles, 176 Ky. 225, 195 S.W. 437, said:

"'* * * it is only necessary to say that such an arrangement would be greatly to the detriment of the children, because it would give them no fixed or permanent home, but rather keep them unsettled and on the move. * * *'"

In the instant case the learned Chancellor indicated that the custody order was a temporary one. For this reason and the further fact that the question of the child's permanent custody should be initially decided on the trial level we have concluded not to interfere at this stage of the proceedings with the Chancellor's handling of this delicate matter. The Chancellor will soon determine by appropriate proceedings the important issue that is presently pending in this case.

The judgment is affirmed.

All concur.