**Billy R. MORRIS, Appellant,**

v.

**Wilma M. MORRIS, Appellee.**

Court of Appeals of Kentucky.

March 28, 1969.

**318**

———◆———

John J. Tribell, Tribell & Tribell, Middlesboro, for appellant.

Kelly Clore, Pineville, for appellee.

STEINFELD, Judge.

Appellant, Billy R. Morris, was divorced from appellee, Wilma M. Morris, on June 19, 1967. Pursuant to an agreement custody of their two children, Sheila, born June 19, 1962, and Rebecca, born March 30, 1965, was awarded to their mother with visitation rights given their father. On March 5, 1968, Billy moved that the custody of the girls be transferred to him. After hearing the trial court overruled the motion. Billy has appealed. We affirm.

Billy, a man of high moral character, is a career non-commissioned officer in the United States Air Force. At the time of the divorce he was stationed in Japan but was assigned to a post in the United States on February 22, 1968. He testified that his military program would permit him to remain in the United States approximately five years and that if granted custody of the children his mother would accompany him to his base and help him with their care. He also stated that if necessary he could provide a nurse for the children during his duty hours of 7:30 a. m. until 4:00 p. m. but that he would be with his children during off duty hours. It appeared that if awarded to him he would do all he could to see that the children would be well provided and cared for.

Wilma and her children occupy an apartment in Pineville. The principal complaint made by Billy concerned the relationship between Wilma and a married man who she admitted had remained all night at her apartment on occasions although she couldn't remember how many times he had stayed there. The father contended and there was proof that this man made excessive use of alcoholic beverages while staying with Wilma and had been seen staggering drunk. Witnesses testified that he had been around Wilma's residence many times and that his automobile frequently remained there overnight. Wilma stated that she believed this man was divorced although she conceded she did not know for sure.

Wilma notes that her former husband makes no claim that she is not taking care of the girls or that they are being neglected. "In the absence of proof to the contrary the mother is considered best fitted to care for the needs of young children." Knight v. Knight, Ky., 419 S. W.2d 159 (1967). Billy relies on Pemberton v. Pemberton, Ky., 406 S.W.2d 726 (1966), but there the trial court found that the mother had forfeited her right to the custody of her child. There was no such finding here.

We are not unmindful of our rule that the paramount consideration is the welfare of the children. Wells v. Wells, Ky., 412 S.W.2d 568 (1967); Smith v. Smith, Ky., 429 S.W.2d 387 (1968). The court continues to be the protector of the children with power to act in the future for their protection. Wilkey v. Glisson, Ky., 303 S.W.2d 266 (1957). On review of the entire evidence heard by the chancellor who " * * * saw the witnesses and is in better position to evaluate the testimony than is this Court" [Gates v. Gates, Ky., 412 S.W.2d 223 (1967)] we find no basis

for holding that his decision was clearly erroneous. Kelien v. Kelien, Ky., 273 S. W.2d 360 (1954). That is the test. Wells v. Wells, supra; Smith v. Smith, supra; Hall v. Hall, Ky., 386 S.W.2d 448 (1964).

The judgment is affirmed.

All concur, except MONTGOMERY, C. J.